**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **SUMMIT 6 LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HTC CORPORATION,** | § | **Civil Action No. 7:14-cv-00014-O** |
| **HTC AMERICA, INC.,** | § | |
| **LG ELECTRONICS, INC.,** | § | |
| **LG ELECTRONICS USA, INC.,** | § | |
| **LG ELECTRONICS MOBILECOMM** | § | |
| **USA, INC.,** | § | |
| **MOTOROLA MOBILITY LLC, and** | § | |
| **TWITTER INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| **SUMMIT 6 LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:14-cv-00106-O** |
| | § | |
| **APPLE INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORDER

Before the Court are Defendants' Motion to Amend Preliminary Invalidity Contentions and

Brief and Appendix in Support (ECF Nos. 198–201), filed November 22, 2014; Plaintiff's Response

and Appendix in Support (ECF Nos. 208–210), filed December 15, 2014; and Defendants' Reply

(ECF No. 216), filed December 29, 2014. Having considered the motion, related briefing, and

applicable law, the Court finds that the motion should be and is hereby **GRANTED**.

## I.     BACKGROUND

On February 18, 2014, Summit 6 LCC ("Summit 6") filed this patent infringement lawsuit alleging infringement against application developer Twitter, Inc. ("Twitter") and four mobile device manufacturers and their affiliates, namely, Apple Inc. ("Apple"); HTC Corporation and HTC America, Inc. (collectively, "HTC"); LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm USA, Inc. (collectively, "LGE"); and Motorola Mobility LLC ("Motorola"). The gravamen of Summit 6's lawsuit is that Defendants are using Summit 6's patented technology without permission to produce and sell devices and/or operate online services capable of obtaining digital content, pre-processing it, and transmitting it to another device, server, or location. *See generally* Am. Compl., ECF No. 6.

On November 16, 2014, the Court denied Summit 6's motion to amend its preliminary infringement contentions to accuse historic products that allegedly infringe its patents primarily due to Summit 6's failure to demonstrate the appropriate diligence. *See* Order, Nov. 16, 2104, ECF No. 181.

Now, Defendants move to amend their preliminary invalidity contentions to identify three products offered for sale by Axis Communications in the United States in the 1990s and related product materials ("the Axis prior art"). *See* Defs.' Mot. Amend, ECF No. 198; Defs.' Br. Supp. Mot. Amend 2, ECF No. 199; Defs.' App. Supp. Mot. Amend Exs. 4, 10–11, ECF Nos. 200–01. LGE learned of the Axis prior art on September 25, 2014, and disclosed the prior art to Plaintiff Summit 6 and to the other Defendants in this action on October 31, 2014. Defs.' Br. Supp. Mot. Amend 2, ECF No. 199. The issues have been fully briefed, and the motion is ripe for adjudication.

## II.    LEGAL STANDARD

2

This Court follows the Northern District of Texas' Local Patent Rules, adopted in Amended Miscellaneous Order No. 62 ("Local Patent Rules"). The goal of local patent rules is to aid in efficiently managing the various stages of patent litigation. *See Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). Under the Local Patent Rules, the party alleging infringement is required to submit preliminary infringement contentions early in the litigation. Shortly after, Defendants must serve their preliminary invalidity contentions in accordance with Local Patent Rule 3–3. The purpose of this structure is to streamline the discovery process by narrowing the issues for claim construction and trial. *H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-CV-651-G, 2012 WL 3650597, at *2 (N.D. Tex. Aug. 2, 2012), *adopted sub nom. H-W Tech., L.C. v. Amazon.com, Inc.*, No. 3:11-CV-0651-G BH, 2012 WL 3656293 (N.D. Tex. Aug. 27, 2012) (Fish, J.).

Local Patent Rule 3–7 allows infringement contentions and invalidity contentions to be amended only upon a showing of good cause. "Good cause" includes amendments based upon "newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references." Local Patent Rule 3–7. The Rule further specifies that the party seeking amendment "must include in its motion to amend a statement that the newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references were not known to that party prior to the motion despite diligence in seeking out same." *Id.* The Court has interpreted this rule to require the moving party to certify to the Court that it had no prior knowledge of the newly discovered information. *See* Order, Nov. 16, 2014, ECF No. 181.

To determine whether good cause for amendment to the contentions exists, the Court will

consider the following four factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *H-W Tech.*, 2012 WL 3650597, at *6 (quoting *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan.12, 2009)). "The district judges in the Northern District of California," which is the district that pioneered the implementation of local patent rules, "have understood the good cause requirement in the local patent rules to require a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro*, 467 F.3d at 1363; *see also Finisar Corp.*, 424 F. Supp. 2d at 897 n.1 (finding Northern District of California interpretations of local patent rules persuasive authority for interpreting Eastern District of Texas local patent rules). The Court looks to cases originating in the Eastern District of Texas and the Northern District of California as persuasive authority.

## III.   ANALYSIS

Defendants move to amend their preliminary invalidity contentions to include the Axis prior art. Under Local Patent Rule 3–7, invalidity contentions may only be amended upon a showing of good cause. To determine whether good cause for amendment to the contentions exists, this Court will consider each of the four factors listed above in turn. *H-W Tech.*, 2012 WL 3650597, at *6.

### A.   Delay and Diligence

First, "'good cause' requires a showing of diligence." *O2 Micro*, 467 F.3d at 1366. "To show good cause to amend invalidity contentions, the moving party must both show that it diligently searched for and analyzed prior art and that it promptly disclosed any newly discovered references."

4

*Guardian Techs., LLC v. Radio Shack Corp.*, No. 3:09-CV-00649-B, slip op. at *4 (N.D. Tex. Aug. 8, 2010) (Boyle, J.) (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007); *O2 Micro*, 467 F.3d at 1363). This factor mandates that, when a party discovers evidence necessitating amendment, the party must not delay in requesting an amendment to its infringement or invalidity contentions unless the delay is reasonable. *See O2 Micro*, 467 F.3d at 1366. "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.*

Defendants argue that they diligently searched for prior art in preparing their invalidity contentions. They state that they analyzed prior art references from the prosecutions of U.S. Patent Nos. 7,765,482 (the "'482 patent") and 8,612,515 (the "'515 patent"), the invalidity contentions in a prior *Summit 6* action, and the Patent and Trademark Office proceeding re-examining the '482 patent. Defs.' Reply 4, ECF No. 216; *see Summit 6 LLC v. Research in Motion Corp.*, No. 3:11-cv-00367 (N.D. Tex. Feb. 23, 2011) (O'Connor, J.); U.S. Patent & Trademark Office Control No. 90/012,987 (Reexamination of the '482 patent). Defendants note that "[t]he '515 patent alone identifies more than 200 prior art references disclosed by Summit 6 and another 26 disclosed by the Examiner during its prosecution." Defs.' Reply 4 n.1, ECF No. 216. They also add that they retained multiple search firms to conduct independent prior art searches. *Id.* at 4. From these sources over a period of a few months, Defendants "developed a list of at least 29 different references and prepared over 3,400 pages of 52 claim charts against the '482 and '515 patents, which were timely served on Summit 6." Defs.' Br. Supp. Mot. Amend 5, ECF No. 199.

Defendants argue that their diligence continued after discovering the Axis prior art. Each Defendant certified that it had no prior notice or knowledge of the Axis prior art before LGE first

learned of it on September 25, 2014. Defs.' Reply 5, ECF No. 216. Defendants explain that while LGE was analyzing a disclosed reference, U.S. Patent No. 6,930,709 (the "'709 patent" or the "Creamer patent"), it discovered that the '709 patent had been assigned to Axis Communications, which led to the discovery of an Axis product, the NetEye 200 camera, that had been offered for sale in the United States. Defs.' Br. Supp. Mot. Amend 8, ECF No. 199. After learning of the potentially relevant product, LGE investigated it further, uncovering product materials, speaking with Axis Communications in Sweden, and obtaining two Axis internet camera products. Defs.' Br. Supp. Mot. Amend 3–4, ECF No. 199. After receiving "key information" on October 28–29, 2014, LGE disclosed the Axis prior art to the other parties in this action on October 31, 2014. *Id.* at 2, 4.

Plaintiff Summit 6 argues that Defendants fail to meet their burden of establishing that they had diligently sought prior art. Plaintiff contends that because Defendants knew about the Creamer Patent, they would have discovered the Axis prior art sooner had they "gone through the routine process of determining the ownership of [the Creamer patent] in a timely manner." Pl.'s Resp. 1, ECF No. 208. Plaintiff argues that "[t]he Creamer patent was listed on the cover pages of two of the Patents-in-Suit and it is currently asserted as prior art in the reexamination of the '482 patent." *Id.* Additionally, Summit 6 produced the Creamer patent to Defendants on July 17, 2014. *Id.* Plaintiff argues that despite knowing about the Creamer patent, Defendants "chose to sit on their hands for months, letting the invalidity contention deadline pass, before investigating." *Id.*

Defendants respond that knowing about the Creamer Patent would not give anyone a reason to search for Axis prior art because the patent does not refer to the Axis prior art and the patent identifies a different company, Pentax, as the assignee rather than Axis Communications. Defs.' Reply 2–3, ECF No. 216. Conceding that much of the information about the Axis prior art is publicly

available, Defendants argue that even diligent actors would not know to look for it because determining ownership and reviewing assignment histories of such a patent is not routine practice in searching for prior art. *Id.* at 2. Defendants further contend that the fact that none of the seven Samsung defendants in the previous *Summit 6* action, the five non-LGE defendants here, the three Patent Examiners, or Plaintiff Summit 6 discovered the Axis prior art even though they would have known about the Creamer Patent supports Defendants' contention that the Axis prior art was difficult to identify despite diligent searching. *Id.* at 3, 7;  Defs.' Br. Supp. Mot. Amend 3, ECF No. 199. They claim that "[d]espite the substantial volume of prior art uncovered, none of them found the Axis prior art or appreciate[d] that it is relevant to, and in fact anticipates, the asserted claims of the asserted patents." Defs.' Br. Supp. Mot. Amend 3, ECF No. 199.

In a previous Order, the Court denied Plaintiff Summit 6's motion to amend its preliminary infringement contentions largely based on a finding of a lack of diligence. There, the Court found that Plaintiff did not discharge its obligation to "rigorously analyze all publicly available information" about possibly infringing products before bringing suit. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Plaintiffs failed to uncover numerous historical products that could have been discovered using publicly available information, and several products could have been located based upon sources that Summit 6 purportedly analyzed such as Defendants' and phone carriers' websites. The Court further found that Summit 6's strategy of listing some products for which it had evidence of infringement in its preliminary contentions, and seeking to add a significant number more through discovery had been disapproved in cases such as *Keranos, LLC v. Silicon Storage Technology, Inc.*, No. 2:13-CV-17, 2013 WL 5763738, at *3 (E.D. Tex. Aug. 5, 2013). This was not a situation in which a plaintiff was seeking to add only a minimal number of

accused products which had somehow eluded discovery despite diligent efforts.

Here, Defendants seek only to add the Axis prior art, and although the Axis prior art could also be found using publicly available information, this art was not as readily ascertainable as the overlooked potentially infringing products. Defendants note that a defendant's search for prior art is more bounded in time and less bounded in scope than a plaintiff's more targeted search for products to accuse before bringing suit because a plaintiff's search is confined to "existing products in a defined area from specific accused infringers." Defs.' Br. Supp. Mot. Amend 13, ECF No. 199. The Court acknowledges the different challenges each party faces and affirms that "local rules do not require perfection in the search for prior art references" or in the search for prior infringing products. *Guardian Techs.*, No. 3:09-CV-00649-B, at *5. Instead, the rules hold both parties to a diligence standard, and the fact that Defendants did not immediately find what several highly motivated and highly resourced parties had not found after years of litigation does not alone show a lack of diligence. Because Plaintiff's primary challenge to diligence reduces to this argument, the Court finds that Defendants have met their burden of showing diligence.

After Defendant LGE learned of the prior art on September 25, 2014, LGE disclosed the prior art to Plaintiff Summit 6 and to the other Defendants in this action on October 31, 2014. Defs.' Br. Supp. Mot. Amend 2, ECF No. 199. An amendment was requested before the claim construction hearing and before the final infringement contentions were due. *See Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp. 2d 884, 890 (E.D. Tex. 2007) ("Unlike many cases in which leave to amend contentions is denied, this request was made months before the claim construction hearing and the deadlines for discovery on claim construction"). Here, Defendants have established prior diligence and there is no unreasonable delay from the time the prior art was discovered and the time

Defendants sought amendment. Thus, this factor weighs in favor of amendment.

### B.    Importance

The next factor assesses the importance of the amendment to the moving party. *MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287-MHS-JDL, 2013 WL 3833079, at *4 (E.D. Tex. July 23, 2013). Defendants argue that denying amendment would prejudice their defense because they would be foreclosed from asserting an important invalidity theory. Def.'s Br. Supp. Mot. Amend 14–15, ECF No. 199. According to Defendants, the Axis prior art addresses every aspect of the invalidity claims. Def.'s Br. Supp. Mot. Amend 14, ECF No. 199. Plaintiff challenges the importance of this particular product, arguing that Defendants fail to establish that it would not be cumulative of the other twenty-nine prior art references already alleged. Pl.'s Resp. 10, ECF No. 208. Defendants reply that the Axis prior art is distinct because it involves the pubic sale and use of products, rather than mere publications. Def.'s Reply 7, ECF No. 216. They further argue that the fact that the Axis prior art has been separately alleged by each Defendant establishes that each Defendant deems it important to their defense. Def.'s Reply 8 n.3, ECF No. 216. The Court finds that the importance factor weighs in favor of Defendants.

### C.    Danger of Unfair Prejudice

Courts have a duty to avoid granting amendments which would cause unfair prejudice through "eleventh-hour alterations." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 824 (E.D. Tex. 2007). Because litigation is still in an early stage, there is little danger of unfair prejudice from adding the additional prior art. *See Computer Acceleration Corp.*, 481 F. Supp. 2d at 626 (finding no danger of unfair prejudice in allowing amendment to preliminary invalidity contentions after claim construction briefing has begun but before claim construction hearing); *cf.*

9

*Kruse Tech. P'ship v. Volkswagen AG*, 544 F. App'x 943, 954 (Fed. Cir. 2013) (affirming district court's holding that party would be prejudiced by amendment because it would reopen *Markman* hearings). Therefore, this factor weighs in favor of amendment.

### D.      Impact of Delay

Because the amendment was requested before the final infringement contentions are due and before depositions regarding prior-art have been taken, there will be little impact on the orderly process of the case by granting amendment. *See Coopervision*, 480 F. Supp. 2d at 890; *cf. MacroSolve*, 2013 WL 3833079, at *4. However, claim construction briefing has already begun, and thus the time for response briefing may need to be extended. In light of the importance of maintaining the current schedule, this factor weighs slightly against amendment.

In sum, Defendants have met their burden of demonstrating that they diligently searched for prior art as required by Local Patent Rule 3–7, and the four factor "good cause" test balances in favor of Defendants.

### IV.      CONCLUSION

Accordingly, Defendants' Motion to Amend Preliminary Invalidity Contentions (ECF No. 198) is **GRANTED**. It is therefore **ORDERED** that Defendants may amend their preliminary invalidity contentions to include the Axis prior art on or before **January 12, 2015**.

It is further **ORDERED** that the deadline to file responsive claim construction briefs will be extended to **January 20, 2015**.

**SO ORDERED** on this **8th day** of **January, 2015**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

10