**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| SUMMIT 6 LLC, | |
| Plaintiff, | Case Action No. 7:14-cv-00014-O |
| v. | |
| HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS INC., LG ELECTRONICS USA, INC., LG ELECTRONICS MOBILECOMM USA, INC., MOTOROLA MOBILITY LLC, and TWITTER, INC., | JURY TRIAL DEMANDED |
| Defendants. | |
| SUMMIT 6 LLC, | |
| Plaintiff, | Case Action No. 7:14-cv-00106-O |
| v. | |
| APPLE INC., | |
| Defendant. | JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY CLAIM CONSTRUCTION BRIEF**

- i -

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*Function Media, L.L.C. v. Google Inc.*, 708 F.3d 1310, 1319 (Fed. Cir. 2013) .............................. 2
*Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) ............................ 1
*H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1333 (Fed. Cir. 2014) ............................ 1
*Mars, Inc. v. H.J. Heinz Co.¸ L.P*, 377 F.3d 1369, 1376 (Fed. Cir. 2004) ...................................... 1

**Rules**

MPEP § 2173.05(e) ....................................................................................................................... 1

Defendants hereby address the declaration of Summit 6's expert, Dr. Mark T. Jones, and his deposition testimony, pursuant to the stipulation of the parties. Dkt. No. 165.

**I. "said identification" ('482 Patent, Claims 17 and 18):** Dr. Jones opines that "said identification" refers to the first "identification" in claim 13, because "[i]t would make no sense for claims 17 and 18 refer to [the] unclaimed action" of "identification of a user." APX-011: ¶ 31(c); *see also* APX-027: 42:7-22. But Claim 13 plainly recites two different "identifications," and both could supply the required antecedent because, Dr. Jones concedes, the pre-processing parameters could be downloaded and stored before *either* claimed identification. *See* APX-024-26, 38:23-39:5, 40:15-20; APX -55-62, Exs. 3-9.[1] Indeed, when the patentee wanted to reference the first "identification" (of digital content)—as it did in claim 13 step c—the patentee referenced it as "said *received* identification." Claims 17 and 18, however, do not. Under these circumstances, the term "said identification" is indefinite. *See* MPEP § 2173.05(e).

**II. "said client device" ('482 Patent, Claim 25):** Dr. Jones's opinion, which relies heavily on the prosecution history, forecloses Summit 6's attempt to correct claim 25 through claim construction. "A district court can correct a patent only if, among other things, 'the error is evident **from the face of the patent**.'" *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1333 (Fed. Cir. 2014) (quoting *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005)) (emphasis added). But Dr. Jones never opines that the error is "evident from the face of the patent." Rather, he "examin[ed] the claims, specification, *and* prosecution history" together in arriving at his opinion. APX-012: ¶¶ 37-40; *see also* Plf. Resp. Br. at 26–27. Dr. Jones's opinion therefore underscores why this court *lacks* authority to correct the patent. *Grp. One, Ltd.*, 407 F.3d at 1303. Moreover, nothing prevents the patentee from claiming a different source for the pre-processing parameters in claim 25 than in other claims, *e.g.*, claim 13, and Dr. Jones admitted he did not consider this possibility. APX-030-32: 66:10-18; 72:12-

---

[1] Moreover, Dr. Jones' opinion incorrectly assumes the law does not allow a method to contemplate a step occurring that he contends as not explicitly claimed (*i.e*., identification of a user). Dr. Jones conceded he did not know whether or not patent law permits such a claim. APX-028-9: 48:18-49:5. **It can**. *Mars, Inc. v. H.J. Heinz Co., L.P*, 377 F.3d 1369, 1376 (Fed. Cir. 2004) (the term "comprising" does not exclude un-recited elements or method steps).

73:5. Thus, it is not reasonably certain that "said client device" means "said local device."[2]

**III. "media object identifier" ('557 Patent, all claims):** Dr. Jones's opinions confirm that Summit 6's non-construction of "media object identifier" is improper. He admits that "media object identifier" is not a term of art, and does not exist in any computer programming language or framework of which he is aware. APX-037-39: 83:20-84:15; 85:14-17; 85:18-24. And the evidence he cites provides only shifting, functional descriptions. *See, e.g.,* APX-040-41: 86:23-87:03 (providing a graphical user interface); 86:17-23 (pre-processing). Thus, his opinions confirm that Summit 6 seeks to cover *any* structure that performs the disclosed functions, to the extent those functions can even be identified.[3] *See, e.g.*, APX-043-47: 91:23-93:21 (ActiveX control); 97:20-24 (Java applet); 98:10-16 (Appendix A). Under longstanding Supreme Court precedent, such functional claiming is not allowed. Def. Resp. Br. at 25.

**IV. "code means" ('482 Patent, Claims 20, 39):** Dr. Jones's citations provide no structure for the recited function. Dr. Jones points to "the drag-and-drop embodiment or the browse and click embodiments *as the capabilities* that allow the receipt of an identification." APX-52: 113:1–7. These capabilities, however, describe only how a *user* interacts with the media object identifier—not how the software performs the function of receiving an identification. Defs. Op. Br. 29–30. Instead, Dr. Jones testified that "[t]he ActiveX framework would provide you with [an] event, and then it would be the programmer's responsibility for . . . what they wanted to do in response to a drag-and-drop event." APX-045: 93:14–21. But Summit 6 "cannot rely on the knowledge of one skilled in the art to fill in the gaps." Defendants' Resp. Br. 31 (quoting *Function Media, L.L.C. v. Google Inc.*, 708 F.3d 1310, 1319 (Fed. Cir. 2013)). Ultimately, Dr. Jones's "structures" are black boxes that perform functions in undisclosed ways, rendering this means-plus-function claim element indefinite.[4]

---

[2] Dr. Jones admitted that he did not even consider whether the purported error was the inclusion of "*said* client device" in place of "*a* client device," and further admitted that, if it was, this would change the claim's scope. APX-033-34: 75:24-76:21; APX-035-36: 78:19-79:6. Thus, Dr. Jones cannot be reasonably certain that his alleged error is the correct one.
[3] Dr. Jones's testimony also confirms that a person of skill could not derive a definitive list of required features or capabilities from the intrinsic record. APX-042-43, 48-50: 90:03-91:14; 102:19-104:20, esp. 104:12-20.
[4] *See* APX-049-54: 112:3-113:07 (media object identifier); 119:20-120:7 (Figs. 1 and 2); 121:17-122:9 (Fig. 4).

| | |
|---|---|
| Dated:  February 3, 2015 | Respectfully submitted, |
| | By:  *s/ John R. Emerson* |
| | Mark D. Selwyn  (*pro hac vice*) |
| | Jason Kipnis (*pro hac vice*) |
| | Katherine D. Prescott (*pro hac vice*) |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, CA  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:   (650) 858-6100 |
| | mark.selwyn@wilmerhale.com |
| | jason.kipnis@wilmerhale.com |
| | katherine.prescott@wilmerhale.com |
| | |
| | Kevin S. Prussia (*pro hac vice*) |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 60 State Street |
| | Boston, MA  02109 |
| | Telephone:  (617) 526-6000 |
| | Facsimile:  (617) 526-5000 |
| | kevin.prussia@wilmerhale.com |
| | |
| | Russell Emerson |
| | HAYNES & BOONE |
| | 2323 Victory Avenue, Suite 700 |
| | Dallas, TX  75219 |
| | Telephone:  (214) 651-5328 |
| | Facsimile:  (214) 200-0884 |
| | russ.emerson@haynesboone.com |
| | |
| | ***Attorneys for Defendant APPLE INC.*** |
| | |
| s/    *Hsiwen Lo* | s/ *D. Clay Holloway* |
| Deborah L. Sterling | Steven D. Moore (*pro hac vice*) |
| Texas Bar No. 19170950 | smoore@kilpatricktownsend.com |
| QUILLING SELANDER LOWNDS | KILPATRICK TOWNSEND LLP |
|   WINSLETT & MOSER, P.C. | Eighth Floor |
| 2001 Bryan Street, Suite 1800 | Two Embarcadero Center |
| Dallas, Texas 75201 | San Francisco, CA 94111 |
| Telephone:  214-871-2111 | (415) 576.0200 (telephone) |
| Facsimile:  214-871-2111 | (415) 576.0300 (facsimile) |

*dsterling@qslwm.com*

Steven J. Routh (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel.: (202) 339-8400
Fax: (202) 339-8500

Robert M. Isackson (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
Tel.: (212) 506-5000
Fax: (212) 506-5151

Stacey E. Stillman (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel: (650) 614-7400
Fax: (650) 614-7401

Hsiwen Lo (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Tel: (949) 567-6700
Fax: (949) 567-6710

*Attorneys for Defendants LG ELECTRONICS, INC., LGE ELECTRONICS U.S.A., INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC.*

 *s/ David J. Silbert*
David J. Silbert (*pro hac vice*)
Leo L. Lam (*pro hac vice*)
Julie A. Duncan (*pro hac vice*)
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400

D. Clay Holloway (*pro hac vice*)
dholloway@kilpatricktownsend.com
Bonnie M. Grant (Tex. Bar No. 24067634)
bgrant@kilpatricktownsend.com
Akarsh P. Belagodu (*pro hac vice*)
abelagodu@kilpatricktownsend.com
Shayne E. O'Reilly (*pro hac vice*)
soreilly@kilpatricktownsend.com
KILPATRICK TOWNSEND LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)

GRUBER HURST JOHANSEN HAIL SHANK
MICHAEL K. HURST (Bar No. 10316310)
mhurst@ghjhlaw.com
JOSHUA M. SANDLER (Bar No. 24053680)
jsandler@ghjhlaw.com
1445 Ross Avenue
Suite 2500
Dallas, Texas 75202
Telephone: 214 855 6800
Facsimile: 214 855 6808

*Attorneys for Defendant MOTOROLA MOBILITY LLC*

 *s/ Philip Ou*
Yar R. Chaikovsky
Bryan K. James (*pro hac vice*)
Philip Ou (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, California 94025-4004
Telephone: +1 650 815 7400

- 4 -

| | |
|---|---|
| Facsimile:  415 397 7188 | Facsimile: +1 650 815 7401 |
| dsilbert@kvn.com | Email: ychaikovsky@mwe.com |
| llam@kvn.com | Email: bjames@mwe.com |
| jduncan@kvn.com | Email: pou@mwe.com |
| | |
| Brett C. Govett | |
| FULBRIGHT & JAWORSKI | E. Leon Carter (Texas Bar No. 03914300) |
| 2200 Ross Ave., Suite 2800 | Linda R. Stahl (Texas Bar No. 00798525) |
| Dallas, TX 75201-2784 | CARTER SCHOLER ARNETT HAMADA & |
| Telephone:  214.855.8118 | MOCKLER, PLLC |
| Facsimile:  214.855.8200 | Campbell Centre II |
| brett.govett@nortonrosefulbright.com | 8150 N. Central Expressway, 5th Floor |
| | Dallas, Texas 75206 |
| *Attorneys for Defendant TWITTER, INC.* | Telephone: +1 214 550 8160 |
| | Facsimile: +1 214 550 8185 |
| | Email: lcarter@carterscholer.com |
| | |
| | *Attorneys for Defendants* |
| | *HTC CORPORATION and HTC* |
| | *AMERICA, INC.* |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of February 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system pursuant to Local Rule 5.1(d).

        *s/ Philip Ou*