# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SUMMIT 6 LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:14-cv-00014 |
| HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., LG ELECTRONICS MOBILECOMM USA, INC., MOTOROLA MOBILITY LLC, and TWITTER INC., | § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |
| SUMMIT 6 LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:14-cv-00106 |
| APPLE INC. | § § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

**SUMMIT 6 LLC'S SUR-REPLY CLAIM CONSTRUCTION BRIEF**

**I.     "said identification" ('482 patent, claims 17 and 18):** Defendants mischaracterize claim 13 as "plainly recit[ing] two different 'identifications,'" both of which "could supply the required antecedent." Def. Reply at 1. Defendants are mistaken. Claim 13 only requires one step of identification, "receiving an identification of digital content." '482 patent at claim 13(a). The claim does not further require the identification of the user, but rather "*retrieving information that enables* the identification of a user." '482 patent at claim 13(c). Given this distinction, Dr. Jones never "conced[ed] [that] the pre-processing parameters could be downloaded and stored before *either* claimed identification." Def. Reply at 1. To the contrary, he repeatedly explained that there is only one "claimed identification." Jones Depo. 40:6-8, Appx. 4 ("there's not a step of identifying the user that's expressed in the claims."); *id*. at 42:14-17, Appx. 5 ("from a technical perspective, I don't think it makes sense for it to refer . . . to the identification of a user."); *id*. at 51:8-9, Appx. 6 ("step C doesn't require an identification"); Jones Decl. at ¶ 31. Because "said identification" refers to the one identification step referenced in step (a) of claim 13, the term is not indefinite.

**II.     "said client device" ('482 patent, claim 25):** Defendants imply that Dr. Jones and the Court cannot consult the prosecution history in deciding whether (and how) to correct the typographical error in claim 25. Defendants are incorrect. Consulting the claims, specification, and prosecution history is not only permitted by the law, it is *required*. *Grp. One, Ltd. v. Hallmark Cards, Inc*., 407 F.3d 1297, 1303 (Fed. Cir. 2005) ("A district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification *and* (2) the prosecution history does not suggest a different interpretation of the claims.") (emphasis in original).[1] Contrary to Defendants' contentions, Dr. Jones turned to the prosecution history only after determining the error on the face of the patent. Jones Depo. 81:9-12, Appx. 8 ("I also believe that it's an obvious error that's easily correctable

---

[1] Defendants' argument that the error could be the "inclusion of '*said* client device' in place of '*a* client device" only underscores why consultation of the prosecution history is appropriate. As Dr. Jones explained, the prosecution history forecloses Defendants' theory as to which word was written in error. Jones Depo. 75:13-23, Appx. 7.

2

by looking at the claim *and then* the file history.") (emphasis added). Thus, Defendants' complaint that Dr. Jones consulted the prosecution history only serves to establish that Dr. Jones performed the correct analysis.[2]

**III.   "media object identifier" ('557 patent, claims 20, 39):** Defendants' suggested prohibition against functional claiming does not come from "longstanding" precedent. Def. Reply at 2. Any prohibition on functional claiming was superseded by statute many years ago. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 27 (1997) (stating that Congress specifically enacted § 112 to combat case law prohibiting functional claiming). And Defendants' per se prohibition has been specifically rejected in numerous cases. *See In re Swinehart*, 439 F.2d 210, 212 (C.C.P.A 1971) (holding that functional claim language does not, in and of itself, render a claim improper). Functional claiming is not only allowed, it is regularly upheld. *See* S6 Response Br. at 36. Thus, Defendants' "functional" arguments are entirely irrelevant. And, in any event, the patent is replete with explanation regarding the function and structure of a media object identifier. '557 patent at claims 1, 15, 28, 37; Jones Decl. at ¶ 49; S6 Response Br. at 31-35. Dr. Jones confirmed as much during his deposition. Jones Depo. at 85:18-90:12, 98:10-25, Appx. 9-12. As a result, this term is not indefinite.

**IV.   "code means" ('515 patent, claims 20, 39):** Contrary to Defendants' suggestion, Dr. Jones cited numerous examples of structure associated with the "code means" term, including the figures, prose, and code examples from the specification. Jones Decl. at ¶¶ 59-65. He discussed several of them during his deposition. Jones Depo. 115:10-118:10, Appx. 13-14. Defendants' preference for a particular type of disclosure (*i.e.* source code) is well beyond what is required by the case law and should be rejected. S6 Response Br. at 35-37; *see also* Jones Depo 126:12-14, Appx. 15 ("Short of giving source code I don't think – I can't image giving much more structure than this.").

---

[2] While Summit 6 relies on Dr. Jones's testimony to illuminate what a person of ordinary skill would understand the terms "said identification" and "client device" to mean, Defendants provide no expert testimony, opting instead to rely exclusively on attorney argument. *See* S6 Responsive Br. at 24, 26.

| | |
|---|---|
| Dated:  February 6, 2015 | Respectfully submitted, |

                                          **MCKOOL SMITH, P.C.**

                                        By:  */s/ Douglas A. Cawley*
Douglas A. Cawley
Lead Attorney
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Phillip M. Aurentz
Texas State Bar No. 24059404
paurentz@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
msibley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
Cory McAnelly (*Pro Hac Vice*)
Iowa State Bar No. 28601
cmcanelly@mckoolsmith.com
Collen Bloss
Texas State Bar No. 24082160
cbloss@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@caldwellcc.com
Caldwell Cassady & Curry
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Telecopier: (214) 888-4849

**ATTORNEYS FOR PLAINTIFF SUMMIT 6 LLC**

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 6, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

                                                */s/ Ashley Moore*
                                                Ashley N. Moore