**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| SUMMIT 6 LLC, | Case Action No. 7:14-cv-00014-O |
| Plaintiff, | |
| v. | |
| HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS INC., LG ELECTRONICS USA, INC., LG ELECTRONICS MOBILECOMM USA, INC., MOTOROLA MOBILITY LLC, APPLE INC., and TWITTER, INC., | JURY TRIAL DEMANDED |
| Defendants. | |
| SUMMIT 6 LLC, | Case Action No. 7:14-cv-00106-0 |
| Plaintiff, | |
| v. | |
| APPLE INC. | JURY TRIAL DEMANDED |
| Defendant. | |

**TWITTER, INC.'S RESPONSE TO PLAINTIFF SUMMIT 6'S NOTICE OF CASE LAW**

Defendant Twitter, Inc. hereby responds to Plaintiff Summit 6 LLC's Notice of Case Law in Support of Summit 6's Construction of Media Object Identifier. (Dkt. No. 255.) The unpublished Kansas district court decision that Summit 6 submitted, *High Point Sarl v. Spring Nextel Corp.*, 2012 U.S. Dist. 108485 (D. Kan. Aug. 3, 2012)—a case that Summit 6 already cited in its *Markman* briefing—does not support Summit 6's position.

Neither the disputed term "media object identifier" nor the term "graphical user interface" appears in the *High Point* opinion. Rather, the question before the *High Point* court was whether "interface arrangement" in the context of cellular radio-telephone networking conveyed sufficient structure to one of skill in the art of the patent. 2012 U.S. Dist. 108485, at *15. Explaining that the term "interface" is "*[not] a nonce term or a coined term that lacks a clear meaning*" but one that has "*a well-known meaning* to those of skill" in the art of the claimed invention, the court held that "interface arrangement" conveyed sufficient structure. *Id.* (emphases added).

Far from supporting Summit 6's position, *High Point* confirms the rule—already established by the Supreme Court and the Federal Circuit—that a structural claim limitation *must* convey sufficient structure to be definite. In *High Point*, that requirement was satisfied because the term "interface arrangement" was *not* a coined term and had a well-known meaning to those of skill in the relevant art.[1] But here, the opposite is true: as Summit 6's own expert concedes, the term "media object identifier" does *not* have a well-known meaning to those of skill in the art of Summit 6's patents, and *is* a "coined term that lacks a clear meaning." *See* 1/29/15 Jones dep. at 83:20-84:15. As Twitter explained in its briefing and at the *Markman* hearing, in such cases, the patent specification must supply the missing structure. But the Summit 6 patents supply *no* structure for the "media object identifier"; accordingly, the term is purely functional, and indefinite.

---

[1] Indeed, unlike Summit 6's patents, the patent at issue in *High Point*, U.S. Patent No. 5,184,347 (attached hereto as Exhibit A), discloses ample information about the physical structures used in the claimed invention. *See, e.g.*, Ex. A, Figures 1-6.

Summit 6 cannot rely on the word "interface" to salvage its claims. That word does not appear in the claim term at issue, "media object identifier." Moreover, Summit 6 itself asserts that the "media object identifier" ***need not include*** a graphical user interface. *See* Pl.'s Opening Br. (Dkt. No. 217) at 34 ("[T]he media object identifier is a software component, *typically* including a graphical user interface." (emphasis added)). Thus, even if the word "interface" by itself conveyed sufficient structure in the context of Summit 6's patents—something the *High Point* case, which involves a different alleged invention, does not establish—that would not help Summit 6, because the "media object identifier" is asserted to be something broader than a graphical user interface, and it need not even include a graphical user interface. What it actually is, however, remains a mystery.

The Supreme Court has long prohibited claims that improperly broaden their scope by claiming structural elements functionally—i.e., by claiming what something *does*, rather than what it *is*. The only permissible way to claim a means for performing a particular function is to embrace the bargain that Congress created in 35 U.S.C. § 112(6)—in which case, by statute, the claim term is limited to the corresponding structures disclosed in the specification. *See Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1582 (Fed. Cir. 1996) ("[T]he record is clear on why [§ 112] paragraph six was enacted. … In place of the *Halliburton* rule, Congress adopted a ***compromise solution***, one that had support in the ***pre-Halliburton case law***: Congress permitted the use of purely functional language in claims, but it limited the breadth of such claim language by ***restricting its scope to the structure disclosed in the specification*** and equivalents thereof." (emphases added)). With the term "media object identifier," Summit 6 eschewed that bargain and seeks to cover *any* structure that performs the function of identifying media objects as claimed. That is precisely what the Supreme Court has prohibited. Accordingly, the term is indefinite.

3

        Respectfully submitted,

        KEKER & VAN NEST LLP

Dated: March 9, 2015

    By: */s/ David J. Silbert*
        David Silbert *Pro Hac Vice*
        Leo Lam *Pro Hac Vice*
        Julie A. Duncan *Pro Hac Vice*
        KEKER & VAN NEST LLP
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone: 415 391 5400
        Facsimile: 415 397 7188
        dsilbert@kvn.com
        llam@kvn.com
        jduncan@kvn.com

        Brett C. Govett
        FULBRIGHT & JAWORSKI
        2200 Ross Ave., Suite 2800
        Dallas, TX 75201-2784
        Telephone: 214.855.8118
        Facsimile: 214.855.8200
        brett.govett@nortonrosefulbright.com

        Attorneys for Defendant TWITTER, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 9th day of March, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule 5.1(d).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                               */s/ David J. Silbert*

                                               David J. Silbert