## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SUMMIT 6 LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| HTC CORPORATION et. al, | § § | **Civil Action No. 7:14-cv-00014-O** |
| Defendants. | § § § | |
| SUMMIT 6 LLC, | § § | |
| Plaintiff, | § § § | |
| v. | § § | **Civil Action No. 7:14-cv-00106-O** |
| APPLE INC. | § § § | |
| Defendant. | § § § § | |

## <u>ORDER</u>

Before the Court are Defendants Apple Inc. ("Apple"), Twitter, Inc. ("Twitter"), Motorola

Mobility, LLC ("Motorola"), and HTC Corporation and HTC America, Inc.'s ("HTC")[1] (collectively,

"Defendants") Opposed Motion to Stay Pending *Inter Partes* Review of the Patents-in-Suit and Brief

and Appendix in Support (ECF Nos. 241–42), filed February 23, 2015; Plaintiff Summit 6 LLC's

("Plaintiff" or "Summit 6") Response and Appendix in Support (ECF Nos. 261–62), filed March 16,

2015; and Defendants' Reply (ECF No. 268), filed March 30, 2015. Having considered the motion,

related briefing, and applicable law, the Court finds that the motion should be and is hereby

---

[1] On March 10, 2015, the Court granted Motorola and HTC's motion to join Apple and Twitter's motion to stay. Order, Mar. 10, 2015, ECF No. 258.

**DENIED**.

## I.    BACKGROUND

On February 18, 2014, Summit 6 filed this patent infringement lawsuit alleging infringement against application developer Twitter and four mobile device manufacturers and their affiliates, namely, Apple, HTC, Motorola, and LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm USA, Inc. (collectively, "LGE").[2] The gravamen of Summit 6's lawsuit is that Defendants are using Summit 6's patented technology without permission to produce and sell devices and/or operate online services capable of obtaining digital content, pre-processing it, and transmitting it to another device, server, or location. *See generally* Am. Compl., ECF No. 6. Plaintiff is the current owner of three Patents-in-Suit: United States Patent Number 6,895,557 (the "'557 patent"), United States Patent Number 7,765,482 (the "'482 patent"), and United States Patent Number 8,612,515 (the "'515 patent"). On March 21, 2015, the Court issued its Claim Construction Order construing terms from the three Patents-in-Suit. *See* Order, Mar. 21, 2015, ECF No. 265. According to the Scheduling Order, the deadline for completion of discovery is set for July 3, 2015, and trial in this matter is scheduled on the Court's four-week docket beginning on November 30, 2015. *See* Scheduling Order, June 12, 2014, ECF No. 93.

On February 4, 2015, Defendants filed a petition for *inter partes* reexamination of the patent claims at issue in this action. The United States Patent Trials and Appeals Board ("PTAB") has not yet responded to the application. Defendants now move for a stay of the case pending *inter partes* reexamination. Defs.' Mot. Stay, ECF No. 241. The motion has been fully briefed and is ripe for

---

[2] The Court has since dismissed all claims asserted between Summit 6 and LGE, pursuant to their Joint Motion to Dismiss. *See* Order, Apr. 23, 2015, ECF No. 277.

adjudication.

## II.   LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court may stay a proceeding pending a reexamination of a patent by the United States Patent and Trademark Office ("PTO"). *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). It is within the district court's discretion to determine whether to grant a stay pending *inter partes* reexamination. *Odom v. Microsoft Corp.*, 429 F. App'x 967, 974 (Fed. Cir. 2011). The PTO's reexamination decision may resolve complex, technical issues, thereby simplifying the case or eliminating the need for trial. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). "On the other hand, permitting an extended stay pending re-examination may prejudice valid patent-holders by preventing them from vindicating their rights" for several years. *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 350 (D. Mass. 2011) (citing *Sunbeam Prods. v. Hamilton Beach Brands, Inc.*, No. 3:09cv791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010)). "Some courts facing this situation have found a stay inappropriate, while others have found differently." *Tomco2 Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1309 (N.D. Ga. 2008).

To determine whether to stay litigation, a court considers the following three factors: "1) whether discovery is complete and whether a trial date has been set, 2) whether a stay will simplify the issues in question and trial of the case; and 3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007); *accord Emp't Law Compliance, Inc. v. Compli, Inc.*, No.

3:13-CV-3574-N, 2014 WL 3739770, at *1 (N.D. Tex. May 27, 2014) (Godbey, J.); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13CV213-JRG-RSP, 2015 U.S. Dist. LEXIS 20303, at *7 (E.D. Tex. Jan. 29, 2015). "The moving party bears the burden of showing that a stay is appropriate, and such showing must be based on more than the mere fact that a petition for inter partes review was filed." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591–92 (2014) (internal citation omitted).

## III.   ANALYSIS

In evaluating whether to issue a stay pending *inter partes* reexamination, the Court analyzes the three relevant factors. *See Anascape, Ltd.*, 475 F. Supp. 2d at 615.

### A.   Whether Discovery is Complete and Whether a Trial Date Has Been Set

The trial date has been set on the Court's four-week docket for November 30, 2015, and there is one month remaining for discovery. *See* Scheduling Order, June 12, 2014, ECF No. 93. The motion was filed on February 23, 2015, in the middle of the discovery period and after the claim construction briefing had concluded. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("As for the proper time to measure the stage of litigation, district courts have adopted the date of the filing of the motion to stay."). Because there was only nine months remaining between the date the motion was filed and the date of trial, the Court finds that the case had progressed beyond the early stages of litigation, making this factor weigh slightly against a stay.

### B.   Whether a Stay Will Simplify the Issues and Trial

The Court determines that a stay could potentially simplify the issues were the PTO to grant the petition for *inter partes* reexamination. *See Tomco2 Equip. Co.*, 542 F. Supp. 2d at 1309 ("First, the Court notes that an *inter partes* reexamination, in contrast to the ex parte reexamination, has

4

great potential for simplifying issues" because of its "*res judicata* effect."). As Defendants note, the *inter partes* petition places all of the claims asserted in this action at issue and thus may resolve the entire litigation. Defs.' Mot. Stay 1–2, 11–14, ECF No. 241.

However, courts are divided about whether to grant a stay before the PTO has determined whether to conduct a reexamination, although "the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 U.S. Dist. LEXIS 99595, at *4–5 (E.D. Tex. July 22, 2014). "The Federal Circuit said that it would not be error for the district court in that setting either to deny the motion for a stay or to postpone ruling on the motion until the PTAB has acted on the petition." *Id.* (citing *VirtualAgility, Inc.*, 759 F.3d at 1316). Accordingly, as reexamination proceedings have not yet been initiated, it is unclear whether a stay would simplify the issues or reduce the burden of litigation on the Court or the parties. *CANVS Corp.*, 118 Fed. Cl. at 591–92 (Movant's showing in favor of a stay "must be based on more than the mere fact that a petition for inter partes review was filed."); *Procter & Gamble Co.*, 549 F.3d at 849 ("[A] stay should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding."); *Smartflash LLC v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 92615, at *11–12 (E.D. Tex. July 8, 2014) ("A stay is not warranted simply because a petition for review was filed with the Patent and Trademark Office. . . because the ultimate outcome is unpredictable"). Therefore, at this time, this factor weighs neither for nor against a stay.

### C.    Whether a Stay Would Unduly Prejudice or Disadvantage Non-movant

The next factor is whether a stay would be likely to disadvantage or cause undue prejudice to the non-movant. Defendants argue that because Summit 6 is not a direct competitor and has

waited three years before initiating the suit, Summit 6 is unlikely to be harmed by a stay. Defs.' Mot. Stay 9–11, ECF No. 241; *VirtualAgility Inc.*, 759 F.3d at 1318 ("[C]ompetition between parties can weigh in favor of finding undue prejudice."). Defendants also argue that a mere delay is not sufficient to cause undue prejudice to the non-movant under this factor. Defs.' Mot. Stay 7–8, ECF No. 241; *Micrografx, LLC v. Google, Inc.*, No. 3:13-cv-3595-N, slip op. at *2 (N.D. Tex. July 9, 2014) (Godbey, J.) ("A delay caused by the *inter partes* review process, without more, does not justify denial of a stay."). Summit 6 responds that it is likely to be placed at an improper tactical disadvantage because Defendant delayed in filing the inter partes reexamination for almost one year in order to focus their petition specifically on the claims at issue in this suit. Pl.'s Resp. 12, ECF No. 261. Summit 6 further argues that its ability to conduct its licencing business would be harmed by a stay. Pl.'s Resp. 10, ECF No. 261 (citing *Rembrandt Wireless Techs., LP*, 2015 U.S. Dist. LEXIS 20303, at *9).

"[T]he mere fact that [a party] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date." *Rembrandt Wireless Techs., LP*, 2015 U.S. Dist. LEXIS 20303, at *9. However, because Summit 6 "is not a direct competitor, it would not suffer the same prejudice from a stay as a party would if it risked losing market share and goodwill. There may be some prejudice from loss of licensing or collecting new evidence but it could potentially be compensated for through monetary damages." *Smartflash LLC*, 2014 U.S. Dist. LEXIS 92615, at *18 (E.D. Tex. July 8, 2014) (concluding that this factor weighs slightly against a stay in light of the uncertainty about which claims will be granted review). Accordingly, the Court finds that there may be some prejudice to Summit 6 caused by a delay; however, such prejudice could potentially be compensated by damages, in light of the lack of

competition between the parties. *See id.* This factor thus weighs slightly in favor of a stay.

Considering the totality of the circumstances — in particular the uncertainty of whether reexamination will be granted and the nearness of trial — the Court finds that Defendants have not met their burden of proving that they are entitled to a stay at this time.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay (ECF Nos. 241–42) is **DENIED**.

**SO ORDERED** on this **8th day** of **May, 2015**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**